**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Wesley Lane CRAWFORD,**
**Defendant—Appellant.**

No. 04–30439.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided July 27, 2005.

Lori Harper Suek, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, James E. Seykora, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., FDMT—Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before: TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Wesley Lane Crawford appeals his conviction following a jury trial for burglary, in violation of 18 U.S.C. § 1153 and Mont. Code Ann. § 45–6–204. Crawford contends that the district court erred by failing either to give a missing witness instruction or to grant a continuance of the trial.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The term, "missing witness instruction," refers to an instruction that permits a jury to draw an adverse inference from a party's failure to call a witness. *See United States v. Carreno,* 363 F.3d 883, 888 (9th Cir.2004) (stating that the district court properly rejected the defendant's request for a missing witness instruction "advising the jury that it could draw adverse inferences from the government's failure to call Sanchez as a witness"), *vacated,* —— U.S. ——, 125 S.Ct. 1000, 160 L.Ed.2d 1000 (2005), in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). "It is well settled that '[a] missing witness' instruction is proper only if from all the circumstances an inference of unfavorable testimony from an absent witness is a natural and reasonable one." *Id.* at 888–89 (quoting *United States v. Bramble,* 680 F.2d 590, 592 (9th Cir.1982)) (alteration in the original).

Here, Crawford offers no explanation about how the jury could draw any inference of unfavorable testimony from Brandon Dusty Bull's absence.[2] He asserts only that Dusty Bull could have explained the evidence implicating his involvement in the burglary and that the jury should have been able to assess his credibility itself. He does not offer any support for his argument that the jury should have been informed that Dusty Bull's absence "could be considered in deciding [his] guilt or innocence." Crawford already had testified about Dusty Bull's actions and proclaimed his own lack of involvement in the burglary. Defense counsel also stated to the jury that he wanted to call Dusty Bull but that he was unavailable. It is unclear how Dusty Bull's failure to appear at trial would have

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At oral argument, Crawford withdrew his contention that the indictment was faulty because it failed to allege the race of the victim.

2. Because the parties are familiar with the factual and procedural background of this case, we do not recite it here except as necessary to understand this disposition.

been relevant to the jury in deciding whether to believe Crawford's version of the events. The district court did not abuse its discretion in denying the requested instruction. *See Bramble,* 680 F.2d at 592 (stating that the district court's refusal to give a requested missing witness instruction is reviewed for an abuse of discretion).

 Nor did the court abuse its discretion in denying Crawford's request for a continuance on the basis that it was untimely, that the request would require the court to send the jury away for "some indefinite duration," and that it was likely that Dusty Bull would refuse to testify. *See United States v. Zamora–Hernandez,* 222 F.3d 1046, 1049 (9th Cir.2000) (reviewing the district court's denial of a continuance for an abuse of discretion). Crawford has failed to show that Dusty Bull's testimony would have been competent and relevant even if, in fact, he could have been found and would have testified. *See United States v. Smith,* 790 F.2d 789, 796 (9th Cir.1986) (reviewing the denial of a continuance sought to obtain a witness, and stating that the defendant needed to show what the witness' testimony would be and that the testimony would be competent and relevant, and that the witness could be obtained if the continuance were granted). For the foregoing reasons, the judgment of the district court is

AFFIRMED.